FILED

07/14/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0678

DA 25-0678

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 153N

IN RE THE MARRIAGE OF:

SHASTA MCLAUGHLIN,

     Petitioner and Appellant,

  and

NEAL MCLAUGHLIN,

     Respondent and Appellee.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DR-2021-481A
Honorable Peter B. Ohman, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

     Shasta McLaughlin, Self-Represented, Bozeman, Montana

     For Appellee:

     Neal McLaughlin, Self-Represented, Belgrade, Montana

Submitted on Briefs: June 24, 2026

Decided: July 14, 2026

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Pro se Appellant Shasta McLaughlin (Shasta) appeals the District Court's September 2, 2025 Order requiring her to vacate the Belgrade residence awarded to Respondent Neal McLaughlin (Neal) under the parties' Marital Property Settlement Agreement (MPSA). We affirm.

¶3 The parties were married and later dissolved their marriage. They executed an MPSA, signed by Shasta on March 12, 2024, and by Neal on March 29, 2024. The MPSA awarded Neal the marital residence at 160 Green Tree Drive, Belgrade, and awarded Shasta the property at 12390 Pole Gulch Road, Three Forks. On July 2, 2024, Shasta filed an Unopposed Motion to Enter Final Decree and Waive Final Hearing. The motion was supported by a Joint Affidavit in which both parties confirmed they had resolved all issues, requested entry of a Decree consistent with their MPSA, waived final disclosures under § 40-4-254, MCA, and waived the right to appear at a final hearing. The District Court entered its Findings of Fact, Conclusions of Law, and Final Decree of Dissolution on July 2, 2024, expressly approving and incorporating the MPSA. Neither party appealed the July 2, 2024 Final Decree.

¶4 Nearly a year later, on May 29, 2025, Neal filed a Petition for Contempt asserting Shasta refused to vacate the Belgrade residence awarded to him. Shasta responded on July 24, 2025, asserting Neal failed to comply with the Decree in various ways, including alleged nondisclosure of assets, property damage, failure to maintain habitability, and failure to pay an approximate $50,000 IRS debt.

¶5 On August 26, 2025, the District Court held a hearing on the contempt petition. The court appears to have treated the matter as one of enforcement of the MPSA rather than contempt. Following the hearing, the District Court issued its written Order on September 2, 2025. Although the Order did not specifically hold Shasta in contempt, it found Shasta had not complied with the MPSA's requirement that she vacate the Belgrade residence and ordered her to immediately vacate the property.

¶6 Within 30 days of the Order, Shasta filed a Notice of Appeal with the Eighteenth Judicial District Court, but failed to contemporaneously file the Notice of Appeal with this Court. She ultimately filed a Notice of Appeal with this Court on October 14, 2025.

¶7 First, we address Neal's argument that Shasta's appeal is untimely and, as such, should be denied for lack of jurisdiction. The Montana Rules of Appellate Procedure govern proceedings before this Court. M. R. App. P. 1(2). Under these rules, an appeal is taken by filing a timely notice of appeal[1] in accordance with M. R. App. P. 10(1) in the office of the Clerk of the Supreme Court. M. R. App. P. 4(2)(a) ("A copy of the notice of appeal shall be contemporaneously served for filing in the office of the clerk of the district

---

[1] In civil actions such as that here, the appeal must be filed within 30 days from the date of entry of the judgment or order from which the appeal is taken. M. R. App. P. 4(5)(a)(i).

court and served on all parties."); *see also* M. R. App. P. 4(5) (time for filing notice of appeal); *Barbier v. Burns*, 2025 MT 271, ¶ 39, 425 Mont. 91, 579 P.3d 1005. This Court may waive timelines upon a showing of extraordinary circumstances, and, under M. R. App. P. 4(6), this Court may grant an out-of-time appeal. *Barbier*, ¶ 39 n.9.

¶8 Shasta, acting pro se, filed a timely notice of appeal with the District Court and provided notice of such to Neal. She did not contemporaneously file her notice of appeal with this Court. As we have noted, wider latitude may be granted to pro se litigants so long as it does not prejudice the opposing party. *State v. Ferre*, 2014 MT 96, ¶ 16, 374 Mont. 428, 322 P.3d 1047. Here, Neal, also pro se, suffered no prejudice from Shasta's inadvertence in not contemporaneously filing her notice of appeal with this Court at the time she filed it in the District Court. As such, it is appropriate under the circumstances to grant Shasta an out-of-time appeal.

¶9 Next, although the parties do not directly address the issue, we must determine whether the District Court's September 2, 2025 Order is an appealable contempt order. Contempt orders are only appealable when they include an ancillary order affecting substantial rights. Section 3-1-523(2), MCA; *In re Marriage of Harms*, 2022 MT 41, ¶¶ 16–18, 408 Mont. 15, 504 P.3d 1108. Here, it is difficult to determine if the District Court's Order is a contempt order as it makes no specific findings regarding contempt, but rather finds Shasta has not followed the parties' MPSA. To the extent this finding may be interpreted as a finding of contempt, the Order also adjudicates the parties' rights under the MPSA. Therefore, we conclude it is an appealable order.

4

¶10 Where a district court declines to hold a party in contempt, we will not reverse the decision absent a blatant abuse of discretion. *In re Marriage of Harms*, ¶ 11. The test for abuse of discretion is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. *In re Marriage of Harms*, ¶ 11. Property settlement agreements are governed by contract law. *In re Marriage of Harms*, ¶ 12. "Contract construction and interpretation is a question of law which we review for correctness." *In re Marriage of Harms*, ¶ 12 (citing *Ophus v. Fritz*, 2000 MT 251, ¶ 19, 301 Mont. 447, 11 P.3d 1192). We review a district court's findings of fact under the clearly erroneous standard—whether they are supported by substantial evidence, whether the court misapprehended the effect of the evidence, or whether review of the record leaves us with the definite and firm conviction a mistake has been made. *In re Marriage of Harms*, ¶ 12.

**Shasta Cannot Challenge the 2024 Final Decree in this Appeal**

¶11 In response to Neal's contempt petition, Shasta raises issues regarding alleged nondisclosure of assets, IRS debt, and conditions of the Pole Gulch property, which do not bear on the contempt allegations made by Neal. Though not a model of clarity, these arguments appear to relate to the validity of the 2024 Decree. The Decree was entered on July 2, 2024. Neither party appealed the July 2, 2024 Findings of Fact, Conclusions of Law and Final Decree of Dissolution and the time to do so has long expired. The Decree and the MPSA incorporated into it are final and binding. Thus, to the extent Shasta asserts issues related to the provisions of the MPSA or the July 2, 2024 Findings of Fact,

5

Conclusions of Law and Final Decree of Dissolution, they are not properly before us in this appeal.

**The District Court Did Not Abuse its Discretion in Enforcing the MPSA**

¶12    The MPSA unambiguously provides that Neal is awarded the Belgrade residence as his sole and separate property and that Shasta "shall vacate the home in Belgrade and move into the property at Pole Gulch Road."  At the August 26, 2025 hearing, the court found Shasta had not complied with this requirement.  Shasta argued she had a landlord-tenant agreement with Neal, but the court correctly noted any such agreement occurred after the MPSA and was outside the scope of the dissolution action.  The District Court's enforcement of the MPSA as written is not arbitrary, unreasonable, or unjust. *In re Marriage of Harms*, ¶ 11.

¶13    The District Court acted within its discretion in enforcing the parties' MPSA and in ordering Shasta to vacate the Belgrade residence awarded to Neal.  To the extent Shasta is attempting to relitigate the 2024 Decree, her claims are untimely and with regard to post-dissolution proceedings, she has failed to provide a record demonstrating any error of law or abuse of discretion.

¶14    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶15    Affirmed.

/S/ INGRID GUSTAFSON

We Concur:

/S/ LAURIE McKINNON
/S/ KATHERINE M. BIDEGARAY
/S/ BETH BAKER
/S/ JIM RICE